The People of the State of New York, Respondent,
against
Marlon Womack, Appellant. 




New York City Legal Aid Society (Steven J. Miraglia of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Kings County (Marguerite S. Dougherty, J.), entered April 25, 2017. The order, after a hearing, designated defendant a level two sex offender pursuant to article 6-C of the Correction Law. The appeal from the April 25, 2017 order brings up for review an order of that court entered March 9, 2017 denying defendant's motion to dismiss the sex offender registration proceeding.




ORDERED that the order entered April 25, 2017 is reversed, without costs, and the matter is remitted to the Criminal Court for a new determination of defendant's sex offender risk level following a hearing limited to defendant's request for a downward departure.
Defendant was convicted, following a nonjury trial, of two counts each of sexual abuse in the second degree (Penal Law § 130.60 [2]), sexual abuse in the third degree (Penal Law § 130.55), endangering the welfare of a child (Penal Law § 260.10 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). At the time of his sentencing, on October 19, 2007, defendant was notified that he would be required to register as a sex offender. However, for unspecified reasons not attributable to defendant, the hearing mandated under the Sex Offender Registration Act (SORA) (see Correction Law § 168-c) to assess his risk level was not first scheduled until July 27, 2016. 
On January 12, 2017, approximately 2½ months before the SORA hearing took place, defendant moved to dismiss the SORA proceeding and to not designate him a sex offender, arguing that, as statutory time limits for holding the hearing had been violated by the nearly decade-long delay (see Correction Law § 168-l), to hold the hearing presently would constitute a due process violation. The Criminal Court issued a written order on March 9, 2017 denying the motion, and the hearing was held on March 30, 2017, at which defendant sought a downward departure from his presumptive level two risk designation. The court denied defendant's request and designated him a level two sex offender.
Defendant's contention that the SORA hearing was held in violation of his due process rights, due to the approximately 10-year delay, is without merit. Because defendant was given timely notice at the time of his sentencing that he would have to register as a sex offender, the delay was not so "outrageously arbitrary as to constitute a gross abuse of governmental authority" (People v Lumpkin, 168 AD3d 1111, 1112 [2019] [internal quotation marks omitted]; cf. Correction Law § 168-l [8] [ "A failure by a state or local agency . . . or by a court to render a determination within the time period specified in this article shall not affect the obligation of the sex offender to register or verify under this article nor shall such failure prevent a court from making a determination regarding the sex offender's level of notification and whether such offender is required by law to be registered for a period of twenty years or for life"]). Consequently, the Criminal Court did not err in denying defendant's motion to dismiss the SORA proceeding.
Defendant's assertion that the Criminal Court did not apply the correct evidentiary standard in rejecting his request for a downward departure from the presumptive sex offender risk level is unpreserved. However, we reach this issue as a matter of discretion in the interest of justice in light of SORA's "important and unique public safety function" (People v Mingo, 12 NY3d 563, 572 [2009]). The court erred in requiring that defendant prove his entitlement to a downward departure by clear and convincing evidence, as defendant's evidentiary support for a downward departure was required only to meet the preponderance of the evidence standard (see People v Gillotti, 23 NY3d 841, 845 [2014]). 
Accordingly, the order designating defendant a level two sex offender is reversed and the matter is remitted to the Criminal Court for a new determination of defendant's sex offender risk level following a hearing limited to defendant's request for a downward departure.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 02, 2019